■ In the Matter of GERALD CICCARELLI, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [827 NYS2d 726]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 31, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to terminate his parole.

Upon his 1989 conviction of the crimes of attempted criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree, both class A felony offenses, petitioner was sentenced to four years to life on each charge. He was released on parole in December 1993 and served over five consecutive years of parole without incident or revocation. However, in May 1999, petitioner violated his parole and was returned to prison. Thereafter, petitioner was released on parole twice more, but each time he violated his parole, the first time after six months and the second after one year.

In April 2005, based on the five years of unrevoked parole he served between 1993 and 1998, petitioner requested that his sentence be terminated pursuant to a 2004 amendment to the Executive Law which mandates termination of a sentence served for a class A felony where the person serving the sentence has completed three years of unrevoked parole (see Executive Law § 259-j [3-a]). Respondent denied petitioner's request, prompting petitioner to commence this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Executive Law § 259-j (3-a) provides, in pertinent part, that respondent "must grant termination of sentence after three years of unrevoked parole to a person serving an indeterminate sentence for a class A felony offense." It is undisputed

that petitioner is serving an indeterminate sentence for a class A felony and that, at the time of the February 12, 2005 effective date of Executive Law § 259-j (3-a), petitioner had accrued seven consecutive months of parole. Five months later, however, his parole was revoked. Thus, petitioner is not entitled to the benefit of Executive Law § 259-j (3-a) unless the statute was intended to encompass the five years of unrevoked parole that petitioner served between 1993 and 1998, a period which occurred wholly prior to the effective date of the statute and was followed by a revocation of his parole and his return to prison.

We turn first to the plain language of the statute to ascertain the intent of the Legislature on this matter (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *People ex rel. Pughe v Parrott*, 302 AD2d 823, 824 [2003]). In our view, the statutory text requiring "three years of *unrevoked* parole" does not contemplate a period of parole served which was ultimately revoked. Further, although the legislative history of the statute indicates that the provision was designed to provide retroactive relief to those who had accrued sufficient consecutive parole time at the point of enactment (*see* Assembly Introducer Mem in Support, Bill Jacket, L 2004, ch 738, at 6), nothing in the statutory language or legislative history suggests that the provision was to apply to prior periods exceeding three years of parole served where the parolee thereafter violated that parole and was returned to prison. Indeed, by specifying an effective date in the legislation, the Legislature evinced its intent that the provision apply only to those persons who had or would thereafter accrue a period of *unrevoked* parole on or after that effective date (*see People v Walker*, 26 AD3d 676, 677 [2006]; *People v Sutton*, 199 AD2d 878, 879 [1993]).

Petitioner's remaining contentions have been considered and found to be unpersuasive.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.