THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT S. FORSHEY, Appellant, v DENNIS JOHN, Sheriff, Cattaraugus County, et al., Respondents. [904 NYS2d 620]—

Appeal from a judgment (denominated order) of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered November 25, 2008 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the writ of habeas corpus is sustained.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus on the ground that he was unlawfully incarcerated for violating his parole. According to petitioner, his sentence was terminated pursuant to Executive Law § 259-j (3-a) by the date of the alleged parole violation and thus he was no longer on parole. We agree with petitioner, and we therefore further agree with him that Supreme Court erred in failing to sustain the writ.

The record establishes that in 2000 petitioner pleaded guilty to attempted criminal possession of a controlled substance in the third degree and attempted criminal sale of a controlled substance in the third degree and was sentenced to concurrent terms of incarceration of 6 to 12 years. It is undisputed that his presumptive release was in April 2005, and that he was charged with a parole violation in July 2007 and was eventually arrested for that parole violation in August 2008. Petitioner challenged the authority of the New York State Division of Parole (respondent) to arrest him based on the parole violation in July 2007 because, pursuant to Executive Law § 259-j (3-a), his sentence was terminated in April 2007, i.e., after his presumptive release in April 2005 followed by two years of unrevoked parole. Respondent contended in response, however, that the version of Executive Law § 259-j (3-a) as amended in 2004 did not include parolees on presumptive release, such as petitioner, and the 2008 amendment to Executive Law § 259-j (3-a), which specifically encompasses parolees on presumptive release, should not

be applied retroactively. We reject respondent's contention that the statute should not be applied retroactively.

The legislative history of Executive Law § 259-j (3-a) establishes that the statute was amended in 2008 in order to "correct an oversight in a chapter of the laws of 2004 that unintentionally neglected to include certain offenders who are presumptively released in the mandatory termination of parole supervision provisions" and that the exclusion of such offenders from the statute was a "drafting oversight" (Senate Mem in Support, 2008 McKinney's Session Laws of NY, at 2159). Although amendments to statutes are presumed to have prospective application only, unless the Legislature's preference for retroactivity is explicitly stated or otherwise indicated, it is also the case that "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (*Matter of Gleason [Michael Vee, Ltd.]*, 96 NY2d 117, 122 [2001]). We conclude that the 2008 amendment to Executive Law § 259-j (3-a) is remedial inasmuch as the legislative history establishes that the purpose of the 2008 amendment was " 'to clarify what the law *was always meant to say and do*' " (*Brothers v Florence*, 95 NY2d 290, 299 [2000]). Thus, we conclude that the 2008 amendment to Executive Law § 259-j (3-a) should be given retroactive effect (*see Matter of OnBank & Trust Co.*, 90 NY2d 725, 731 [1997]). As so applied, petitioner's sentence should have been terminated in April 2007, following two years of unrevoked parole, and the court should have sustained the writ of habeas corpus and ordered petitioner's immediate release. Although petitioner has been released from custody, we conclude under the limited circumstances of this case that the exception to the mootness doctrine applies (*cf. People ex rel. Hampton v Dennison*, 59 AD3d 951 [2009], *lv denied* 12 NY3d 711 [2009]; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.