■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. TIERNAN MURPHY, Respondent, v CHARLES EWALD, Warden, Suffolk County Jail, Appellant. [909 NYS2d 735]—

In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the appeal is from a judgment of the Supreme Court, Suffolk County (Pines, J.), dated March 4, 2010, which granted the petition and sustained the writ. By decision and order on motion of this Court dated April 22, 2010, enforcement of the judgment was stayed pending hearing and determination of the appeal.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the writ is dismissed.

In December 1989 the petitioner was convicted of criminal sale of a controlled substance in the second degree, a class A-II felony offense, and was sentenced to an indeterminate term of imprisonment of five years to life. On May 24, 1994, the petitioner was released on parole and was on parole for over five consecutive years without revocation. However, in August 1999 the petitioner was charged with a parole delinquency which resulted in revocation of his parole through March 16, 2000. Thereafter, the petitioner violated his parole on numerous occasions, and on each occasion he was returned to prison.

In or about January 2010, the petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus. The petitioner asserted that, based on his five years of unrevoked parole between 1994 and 1999, his sentence should be terminated pursuant to Executive Law § 259-j (3-a), as amended in August 2008 (*see* L 2008, ch 486, § 2), which

mandates termination of a sentence served for a class A felony where the person serving the sentence has completed three years of unrevoked parole. In a judgment dated March 4, 2010, the Supreme Court granted the petition and sustained the writ, directing the petitioner's release. We reverse.

The plain meaning of Executive Law § 259-j (3-a) and the legislative history of that statute demonstrates that where a person has completed three or more years of unrevoked parole and his or her parole is subsequently revoked, such a person is not entitled to have his or her sentence terminated (*see Matter of Ciccarelli v New York State Div. of Parole*, 35 AD3d 1107, 1108 [2006]). Accordingly, while Executive Law § 259-j (3-a) provides retroactive relief to those who had accrued sufficient consecutive unrevoked parole time prior to its effective date (*see* L 2008, ch 486, § 2), we do not interpret the statute to provide for the termination of a sentence where, as here, such a person's parole was revoked prior to the enactment of the statute (*see Matter of Ciccarelli v New York State Div. of Parole*, 35 AD3d 1107, 1108 [2006]). To the extent the petitioner relies on *People ex rel. Forshey v John* (75 AD3d 1100 [2010]), that case is distinguishable, since the petitioner in that case, unlike the petitioner in the instant case, had completed the required term of unrevoked parole following the enactment of Executive Law § 259-j (3-a). Covello, J.P., Leventhal, Hall and Sgroi, JJ., concur.