In the Matter of YASIEL P., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISUAN P., Appellant. [915 NYS2d 426]—

Appeal from an order of the Family Court, Erie County (Mar-

garet O. Szczur, J.), entered October 22, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating her parental rights on the ground of permanent neglect, respondent mother contends that reversal is required because of recent amendments to Social Services Law § 384-b (*see* L 2010, ch 113, §§ 2-4). We reject that contention. "[A]mendments to statutes are presumed to have prospective application only, unless the Legislature's preference for retroactivity is explicitly stated or otherwise indicated" (*People ex rel. Forshey v John*, 75 AD3d 1100, 1101 [2010]). Nevertheless, "it is also the case that 'remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose' " (*id.*, quoting *Matter of Gleason [Michael Vee, Ltd.]*, 96 NY2d 117, 122 [2001]). When the amendments upon which the mother relies became effective on June 15, 2010, the mother's parental rights had been terminated by the order entered October 22, 2009. Although the language of the legislation providing that it "shall take effect immediately" evinces a sense of urgency (L 2010, ch 113, § 6), there is no indication that the purpose of the amendments was remedial in nature (*cf. People ex rel. Forshey*, 75 AD3d at 1101), and we therefore conclude that they should not be given retroactive effect.

We reject the further contention of the mother that petitioner failed to use diligent efforts to reunite the family. "When a child-care agency has custody of a child and brings a proceeding to terminate parental rights on the ground of permanent neglect, it must affirmatively plead in detail and prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" (*Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). " '[D]iligent efforts' . . . mean reasonable attempts . . . to assist, develop and encourage a meaningful relationship between the parent and the child" (Social Services Law § 384-b [7] [f]), and they " 'include reasonable attempts at providing counseling, scheduling regular visitation with the child[ ], providing services to the parent[ ] to overcome problems that prevent the discharge of the child[ ] into [his or her] care, and informing the parent[ ] of [the child's] progress' " (*Matter of Whytnei B. [Jeffrey B.]*, 77 AD3d 1340, 1341 [2010]). The "[p]etitioner is not required, however, to guarantee that the parent succeed in overcoming his or her predicaments . . .

but, rather, the parent must assume a measure of initiative and responsibility" (*id.* at 1341 [internal quotation marks omitted]). Here, petitioner established, by the requisite clear and convincing evidence (*see* Social Services Law § 384-b [3] [g] [i]), that it fulfilled its duty to exercise diligent efforts to encourage and strengthen the mother's relationship with the child during the relevant time period and to reunite the family (*see generally Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]).

We conclude that petitioner met its burden of establishing by a preponderance of the evidence that termination of the mother's parental rights is in the best interests of the child (*see Matter of Toyie Fannie J. [Toyie D.H.]*, 77 AD3d 449 [2010]; *Matter of Brian C.*, 32 AD3d 1224, 1225-1226 [2006], *lv denied* 7 NY3d 717 [2006]). Here, the record establishes that the mother failed to complete her service plan despite ample opportunity to do so, made minimal efforts to visit the child, had no viable plan for the child's future and was generally indifferent toward the child (*see generally Matter of Emmeran M.*, 66 AD3d 1490 [2009]). Even assuming, arguendo, that the mother's contention that custody should have been awarded to the maternal grandmother is properly before us (*cf. Matter of Brian JJ. v Heather KK.*, 61 AD3d 1285, 1287 [2009]), we conclude that it is without merit (*see Matter of Donald W.*, 17 AD3d 728, 729-730 [2005], *lv denied* 5 NY3d 705 [2005]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.