■ PEOPLE OF THE STATE OF NEW YORK ex rel. AL ROSA, Appellant, v WARDEN, EDGECOMBE CORRECTIONAL FACILITY, et al., Respondents. [915 NYS2d 542]—

Order, Supreme Court, New York County (A. Kirke Bartley, J.), entered on or about May 7, 2010, which, upon converting the petition for a writ of habeas corpus to a CPLR article 78 proceeding, denied petitioner's application to terminate his criminal sentence pursuant to Executive Law § 259-j (3-a), unanimously reversed, on the law, without costs, the petition granted, and petitioner is directed to be released from parole supervision in accordance herewith.

Petitioner was convicted in 2000 of criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39), and was sentenced, as a second felony offender, to a term of $5\frac{1}{2}$ to 11 years. Petitioner was presumptively released on September 21, 2004, and it is undisputed that from that date to January 22, 2008, his release was uninterrupted.

Since petitioner had more than two years of unrevoked presumptive release, his sentence must be terminated because the 2008 amendment to Executive Law § 259-j (3-a) clarified that presumptive releasees were always among the original intended beneficiaries of the law.

According to the legislative history, the 2008 amendment was necessary to correct a "drafting oversight" in the original legislation which "unintentionally neglected to include" certain offenders who, like petitioner, were presumptively released to parole supervision (Senate Mem in Support, 2008 McKinney's Session Laws of NY, at 2159). Moreover, the legislation states that the 2008 amendment "shall take effect immediately and apply to persons sentenced to an indeterminate sentence prior to, on and after the effective date." (L 2008, ch 486, § 2.)

We conclude that the Legislature, by enacting the amendment to Executive Law § 259-j (3-a), intended to extend the benefits of the statute to presumptive releasees retroactively to February 12, 2005, the original effective date of the statute (*see Matter of Gleason [Michael Vee, Ltd.]*, 96 NY2d 117, 122 [2001] ["remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose"]). Accordingly, petitioner is entitled to have his sentence terminated because as required by Executive Law § 259-j (3-a), he had completed over two years of uninterrupted presumptive release from the statute's effective date prior to having it revoked on January 22, 2008 (*see People ex rel. Forshey v John*, 75 AD3d 1100 [2010]; *cf. People ex rel. Murphy v Ewald*, 77 AD3d 778 [2010]). Concur—Saxe, J.P., Moskowitz, Richter, Manzanet-Daniels and Román, JJ.