■ In the Matter of MICHAEL MILLER, Also Known as MIKE JOHNSON, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Appellant. [965 NYS2d 404]—

Order, Supreme Court, New York County (Marcy L. Kahn, J.), entered on or about September 9, 2011, which granted the petition brought pursuant to CPLR article 78 seeking an order directing respondent Department of Corrections and Community Supervision (DOCCS) to terminate petitioner's parole administratively pursuant to Correction Law § 205 (4), and accordingly ordered respondent to grant petitioner termination of sentence, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.

Correction Law § 205 provides, in pertinent part, that DOCCS "must grant termination of sentence after three years of unrevoked presumptive release or parole to a person *serving an indeterminate sentence* for a class A felony offense defined in [Penal Law article 220 or 221]" (Correction Law § 205 [4] [emphasis added]). Here, although petitioner's parole was not adjudicated to have been revoked until May 5, 2005, by operation of Penal Law § 70.40, that revocation had the effect of interrupting his indeterminate sentence retroactively as of the date of his delinquency, which was December 19, 2004 (*see* Penal Law § 70.40 [3] [a]). Since his sentence was interrupted, petitioner was not "serving" his indeterminate sentence on February 12, 2005, the effective date of Correction Law § 205 (4), as required by that statute for termination of sentence (*cf. People ex rel. Rosa v Warden, Edgecombe Correctional Facility*, 80 AD3d 525, 526 [1st Dept 2011] [holding that the petitioner was "entitled to have his sentence terminated because . . . he had completed over two years of *uninterrupted* presumptive release from the statute's effective date prior to having it revoked on January 22, 2008" (emphasis added)]). Concur—Acosta, J.P., Moskowitz, Renwick, Freedman and Clark, JJ.