Order, Supreme Court, New York County (Marcy L. Kahn, J.), entered on or about September 9, 2011, which granted the petition brought pursuant to CPLR article 78 seeking an order directing respondent Department of Corrections and Community Supervision (DOCCS) to terminate petitioner’s parole administratively pursuant to Correction Law § 205 (4), and accordingly ordered respondent to grant petitioner termination of sentence, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.
Correction Law § 205 provides, in pertinent part, that DOCCS “must grant termination of sentence after three years of unrevoked presumptive release or parole to a person serving an indeterminate sentence for a class A felony offense defined in [Eenal Law article 220 or 221]” (Correction Law § 205 [4] [emphasis added]). Here, although petitioner’s parole was not adjudicated to have been revoked until May 5, 2005, by operation of Eenal Law § 70.40, that revocation had the effect of interrupting his indeterminate sentence retroactively as of the date of his delinquency, which was December 19, 2004 (see Eenal Law § 70.40 [3] [a]). Since his sentence was interrupted, petitioner was not “serving” his indeterminate sentence on February 12, 2005, the effective date of Correction Law § 205 (4), as required by that statute for termination of sentence (cf. People ex rel. Rosa v Warden, Edgecombe Correctional Facility, 80 AD3d 525, 526 [1st Dept 2011] [holding that the petitioner was “entitled to have his sentence terminated because ... he had completed over two years of uninterrupted presumptive release from the statute’s effective date prior to having it revoked on January 22, 2008” (emphasis added)]).
Concur— Acosta, J.E, Moskowitz, Renwick, Freedman and Clark, JJ.