# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**963**

**KAH 13-01905**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
KEVIN L. THOMAS, PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, ANDREA EVANS, CHAIRWOMAN, NEW
YORK STATE BOARD OF PAROLE, SANDRA AMOIA,
SUPERINTENDENT, GROVELAND CORRECTIONAL FACILITY,
J. LAGEORIGA, SORC, GROVELAND CORRECTIONAL
FACILITY AND R. UNDERWOOD, INMATE RECORDS
COORDINATOR, GROVELAND CORRECTIONAL FACILITY,
RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Livingston County (Robert B. Wiggins, A.J.), entered February 25, 2013
in a habeas corpus proceeding. The judgment directed respondents to
release petitioner from custody.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: Respondents appeal from a judgment granting the
petition for a writ of habeas corpus on the ground that petitioner had
served three years of unrevoked parole, thereby requiring New York
State Department of Corrections and Community Supervision (DOCCS) to
terminate his sentence (*see* Correction Law § 205 (4) [formerly
Executive Law § 259-j (3-a)]). We agree with respondents that
petitioner did not qualify for termination of his sentence, and we
therefore reverse the judgment and dismiss the petition.

The record establishes that, in September 1999, petitioner was
convicted of criminal possession of a controlled substance in the
second degree in violation of Penal Law § 220.18 (1), a class A-II
felony offense, and was sentenced to an indeterminate term of
incarceration of eight years to life. Petitioner was released to

parole supervision on May 15, 2007, but in March 2010, he was charged with multiple parole violations. A final parole revocation hearing was held on May 18, 2010, during which petitioner pleaded guilty to a parole violation he had committed on January 22, 2010. The parole violation was sustained and petitioner's parole was revoked.

"Correction Law § 205 provides, in pertinent part, that DOCCS 'must grant termination of sentence after three years of unrevoked presumptive release or parole to a person serving an indeterminate sentence for a class A felony offense defined in [Penal Law article 220 or 221]' " (*Matter of Miller v New York State Dept. of Corr. & Community Supervision*, 105 AD3d 677, 677). Although petitioner's parole was not revoked until May 18, 2010, i.e., more than three years from the date of his release to parole supervision, "that revocation had the effect of interrupting his indeterminate sentence retroactively as of the date of his delinquency," which was January 22, 2010 (*id.; see* Penal Law § 70.40 [3] [a]). Thus, because petitioner's sentence was interrupted as of January 22, 2010 (*see* § 70.40 [3] [a]), he was not "serving an indeterminate sentence" on May 15, 2010, i.e., three years from the date he was released to parole supervision, as required by Correction Law § 205 (4), and he therefore was not entitled to termination of his sentence.

Entered:  October 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court