OPINION OF THE COURT
Judith A. Hillery, J.
Petition to annul the decision dated February 11, 1983, revoking parole of relator as thereafter modified by the full board is granted.
Relator, apparently confined at Green Haven Correctional Facility solely because of the revocation of his parole (the charges which formed the basis for the revocation of parole culminated in a misdemeanor conviction, which would not be served in a facility of the Department of Correctional Services), seeks annulment of that revocation on procedural grounds, contending that during 13 months following his final revocation hearing, he was not given formal written notice of the determination of respondents notwithstanding the requirements of 9 NYCRR 8005.20 (f) requiring written notification “[a]s soon as practical” following his final revocation hearing, and that by reason of such omission, he has been denied due process and should *87 have his parole status restored. In particular, relator notes that while the hearing officer who presided at the final revocation hearing informed him that he was recommending that relator be held for an additional nine months, he was never advised that the full board determined that he should be held for 24 months.
Respondents, by their return, concede that they cannot establish that relator was given timely written notice of the determination of the full board, but contend that such omission was not prejudicial to relator as he admitted to the charges which formed the basis for the revocation of his parole. Having conceded such charges, respondent contends that no basis for judicial review exists (e.g., Matter of Bacon v Hammock, 96 AD2d 557).
Under the provisions of 9 NYCRR 8006.3 (b) (2), once having obtained a final determination, relator had the right of administrative appeal of the determination of his parole revocation. Such review extends to all aspects of said determination, including the question of whether the determination was excessive (9 NYCRR 8006.3 [a] [3], incorporated by reference at 9 NYCRR 8006.3 [b] [2]). Relator was advised by the hearing officer that he would recommend that relator be eligible for parole after nine months, which recommendation was increased more than twofold by respondents without notice to relator until his attorneys were advised 13 months later. It is apparent that relator was substantially prejudiced by the failure of respondents to afford him notice within a reasonable period so as to permit him to appeal the length of time he was to be held before parole eligibility. As noted by the Court of Appeals in People ex rel. Knowles v Smith (54 NY2d 259, 265), prejudice may be found where there is a delay or effective loss of one’s right to appeal. In this proceeding, there was an effective loss of appeal as relator had no demonstrated knowledge during the nine months following his final revocation hearing that he would be held for a period in excess of the nine months recommended by the hearing officer. Had he had timely notice, he would have had the opportunity to obtain appellate review. Once that nine-month period expired without notice, respondents precluded, by their omission, the reinstatement of the *88 determination of the hearing officer. Such is prejudice of a constitutional dimension, and forms the basis for annulment of the determination of respondents. Accordingly, the writ is sustained and relator is granted judgment discharging him from custody forthwith.