THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT SANTIAGO, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.—Judgment, Supreme Court, Bronx County (Robert Seewald, J.), entered May 27, 1992, which dismissed the petition for a writ of habeas corpus, unanimously reversed, on the law, and the matter is remanded for a hearing to determine whether respondent New York State Division of Parole provided notice of its revocation hearing decision "[a]s soon as practicable", pursuant to 9 NYCRR 8005.20 (f), without costs.

The facts in this habeas corpus proceeding are undisputed. On October 24, 1990, relator, who was serving two concurrent indeterminate sentences of from three to six years for attempted criminal possession of a controlled substance in the third degree, was released to parole supervision. On or about June 26, 1991, he was arrested on a misdemeanor charge in Kings County, and on July 1, 1991, a parole violation warrant was lodged against him. Relator was arrested for the parole violation on July 12, 1991.

On October 23, 1991, relator pleaded guilty to the Kings County misdemeanor charge, and was sentenced to 90 days' imprisonment, to be served concurrently with any period assessed for the parole violation. But for the parole violation warrant, relator would have been eligible for immediate release at the time of the plea, since he had already been in custody for over 90 days.

At his final parole revocation hearing, held on October 29, 1991, relator entered pleas of guilty to charges of unlawful drug possession and failure to report, and the Hearing Officer agreed to recommend a six-month period of imprisonment. Adoption of this recommendation by respondent Board would have resulted in relator's release on January 12, 1992 and, no decision having been rendered by that date, relator brought the instant writ of habeas corpus on January 30, 1992. In an envelope post-marked February 3, 1992, relator received notice of the Board's decision, which apprised him that a period

of 18 months, and not the recommended six months, had been imposed. The notice contained illegible handwritten comments where the Board's reasons for not adopting the Hearing Officer's recommendation should have appeared.

In his writ of habeas corpus, relator asserted that he was effectively denied the right to appeal by the delay of approximately 98 days from the final hearing to the date of notification of the Board's decision, which was rendered after he had completed the recommended sentence. Pursuant to 9 NYCRR 8005.20 (f), titled *"Notification"*, it is required that, "[a]s soon as practicable after a violation hearing, the alleged violator and his attorney shall be advised in writing of the violation hearing decision, or decision and recommendation, including the reason for the determination and the evidence relied upon". In *People ex rel. Knowles v Smith* (54 NY2d 259, 265), the Court of Appeals noted that the word "practicable" in this context is undefined, and held that each case must accordingly be judged on its individual merits. Among the factors cited by the Court for consideration is whether the parolee has been prejudiced by delay or by the effective loss of right to appeal. Applying these guidelines, the court in *People ex rel. Reed v Rodriguez* (124 Misc 2d 86) ruled that an unexplained 13-month delay in providing final hearing notice, which rejected a recommended nine-month hold and imposed one of 24 months, resulted in the effective loss of the parolee's right to appeal, and warranted his reinstatement to parole.

In the instant matter, the record fails to establish whether the Board notified relator of its final decision "[a]s soon as practicable" in light of all the circumstances (9 NYCRR 8005.20 [f]; *People ex rel. Knowles v Smith, supra)*. This critical determination is a factual issue which must be tried *(People ex rel. South v Hammock,* 80 AD2d 947), and the judgment is accordingly reversed, and the matter remanded for further proceedings. Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.