■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DENNIS SUMTER, Appellant, v JAMES O'CONNELL, as Superintendent of Ulster Correctional Facility, Respondent. [782 NYS2d 135]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered September 15, 2003 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in 1981 of the crimes of manslaughter in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree. Petitioner received a prison sentence of 4 to 12 years for the robbery conviction, 6 to 18 years for the manslaughter conviction, 5 to 15 years for the criminal weapon possession conviction and 0 to 3 years for the drug conviction; the sentence imposed for the robbery conviction was to run consecutively to the remaining concurrent sentences.

Following an unrelated parole violation and brief remand to prison therefor, petitioner was again released to parole supervision in April 2001. Thereafter, he was charged with additional violations of the terms of his release, including producing a urine sample that tested positive for cocaine, failing to report to his parole officer and failing to attend a substance abuse counseling session. After receiving notice of these alleged violations in January 2003, petitioner signed a written waiver of his right to demand a preliminary parole revocation hearing. Following several adjournments, a final parole revocation hearing was conducted in May 2003, at which time petitioner was afforded the opportunity to cross-examine his parole officer, who testified to the violations. The Administrative Law Judge issued a determination finding petitioner guilty of the charges and recommended that his parole be revoked and a 24-month time assessment imposed. The Board of Parole modified the Administrative Law Judge's findings by increasing the time assessment to 36 months. Rather than pursuing an administrative appeal of the Board's final determination, petitioner instead commenced this habeas corpus proceeding. Supreme Court dismissed the petition for failure to exhaust administrative remedies, and this appeal ensued.

Petitioner raises numerous procedural arguments challenging the Board's determination, including his claim, not addressed by Supreme Court, that he has yet to receive the statutorily mandated written statement from the Board indicating the basis

for its determination (*see* Executive Law § 259-i [3] [f] [xi]; *see also* 9 NYCRR 8005.20 [f]). As to that claim, we find merit. Executive Law § 259-i (3) (f) (xi) provides that an Administrative Law Judge sustaining charges of parole violations "must prepare a written statement, to be made available to the alleged violator and his counsel, indicating the evidence relied upon and the reasons for revoking . . . parole." As a matter of fundamental due process, petitioner was entitled to the prompt receipt of that statement so that he might have an informed basis upon which to seek review; neither the failure to pursue an administrative appeal nor the absence of prejudice will foreclose our review of that claim (*see Morrissey v Brewer*, 408 US 471, 489 [1972]; *People ex rel. Hacker v New York State Div. of Parole*, 228 AD2d 849, 850 [1996], *lv denied* 88 NY2d 809 [1996]; *People ex rel. Johnson v New York State Bd. of Parole*, 180 AD2d 914, 917 [1992]; *People ex rel. South v Hammock*, 80 AD2d 947 [1981], *appeal dismissed* 53 NY2d 938 [1981]).

Here, although the Board's decision setting forth the requisite findings is included in respondent's answering papers, there is no indication that it was provided to petitioner. Although respondent points out that petitioner admits receiving a time computation printout from the Department of Correctional Services that reflected the new time assessment, we find that this was insufficient to satisfy the requirements of the statute (*cf. People ex rel. Knowles v Smith*, 54 NY2d 259 [1981]; *People ex rel. Hacker v New York State Div. of Parole, supra* at 850-851). Therefore, there being a factual issue in the record as to whether petitioner ever received the Board's decision as he was entitled, we are constrained to reverse Supreme Court's judgment and remit for resolution of that issue (*see People ex rel. Santiago v New York State Div. of Parole*, 187 AD2d 301 [1992]; *People ex rel. South v Hammock, supra*). We have considered petitioner's remaining claims, including his contention that his revocation hearing was untimely, and find them to be without merit.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.