■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CRAIG FREEMAN, Appellant, v WARDEN, RIKERS ISLAND CORRECTIONAL FACILITY et al., Respondents. [817 NYS2d 232]—

Order, Supreme Court, Bronx County (Robert G. Seewald, J.), entered on or about September 8, 2005, which denied the petition for a writ of habeas corpus, unanimously affirmed, without costs.

Although the nature of the notice sent to petitioner is unclear from respondents' status inquiry computer printout regarding the final revocation hearing conducted on April 22, 2005, the record supports a finding that petitioner was served with a copy of the hearing decision on or about July 14, 2005, at the latest, when it was attached as an exhibit to the papers submitted by respondents in opposition to this petition. Consequently, at worst, the approximately 83-day delay in the service of a copy of the decision did not, under the circumstances, violate petitioner's right to due process, particularly as it appears that he or his counsel received some form of notice of the final decision approximately two weeks after the hearing (see generally People ex rel. Knowles v Smith, 54 NY2d 259 [1981]). Since the record indicates that petitioner had notice of the finality of respondents' decision on July 14, 2005, his 30-day period to appeal would have commenced at that point of aggrievement (9 NYCRR 8006.1 [b]; see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267 [2000]). The apparent delay in service of the final decision for three months did not effectively deny petitioner his right to appeal, inasmuch as a 28-month hold was imposed in accordance with the hearing officer's recommendation (cf. People ex rel. Santiago v New York State Div. of Parole, 187 AD2d 301 [1992]). Moreover, the finding of a parole violation predicated on credited hearing testimony that, inter alia, he had become physically violent with his parole officer was never challenged in the petition. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.