■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE ROD-RIGUEZ, Appellant, v WARDEN, RIKERS ISLAND CORRECTIONAL FA-CILITY et al., Respondents. [878 NYS2d 5]—

Order, Supreme Court, Bronx County (David Stadtmauer, J.), entered on or about January 2, 2008, which denied the petition for a writ of habeas corpus and dismissed the proceeding, unanimously affirmed, without costs.

As petitioner has been released on parole, the remedy of habeas corpus is unavailable. However, the matter is converted to a CPLR article 78 proceeding, since it affects the period of petitioner's postrelease supervision (*see People ex rel. Goldberg v Warden of Rikers Is. Correctional Facility*, 45 AD3d 356 [2007], *lv denied* 10 NY3d 704 [2008]; CPLR 103 [c]).

Petitioner alleges that he was denied due process because he was not served with the determination on his final revocation hearing until service of the Division of Parole's opposition to his petition. However, the printout of the Division's status inquiry summary established that petitioner and his attorney at the final revocation hearing were mailed an "Affirmation" on June 29, 2007, one day after the recommendation of the hearing officer had been affirmed, and petitioner failed to rebut the information contained in the summary (*see People ex rel. Harrison v Warden, Rikers Is. Correctional Facility*, 48 AD3d 375 [2008], *lv denied* 11 NY3d 712 [2008]; *People ex rel. Jefferson v Kelly*, 178 AD2d 973 [1991]). Even if petitioner's denial of personal receipt of the Division's decision is credited, the Division's notice requirement was satisfied by service on counsel alone (*see People ex rel. Knowles v Smith*, 54 NY2d 259, 266 [1981]).

Furthermore, even assuming that petitioner was not served with the determination on his final revocation hearing until receiving the Division's opposition to the subject petition, the delay did not result in a denial of due process under the circumstances (*see People ex rel. Freeman v Warden, Rikers Is. Correctional Facility*, 30 AD3d 192 [2006]).

Petitioner's challenge to the Division's determination on the grounds that it was arbitrary and capricious is not preserved since it was not raised in the petition. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.