■ PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS AIKENS, Appellant, v DAWSON BROWN, Superintendent, Groveland Correctional Facility, Respondent. [958 NYS2d 913]—Appeal from a judgment of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered January 13, 2011 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition for a writ of habeas corpus. We note at the outset that the date on which judgment was entered is incorrect in

petitioner's notice of appeal. The index number in the notice of appeal is correct, however, and we exercise our discretion to treat the notice of appeal as valid (*see* CPLR 5520 [c]; *People v Mitchell*, 93 AD3d 1173, 1173 [2012], *lv denied* 19 NY3d 999 [2012]; *People ex rel. Cass v Khahaifa*, 89 AD3d 1517, 1517-1518 [2011]).

Petitioner concedes that he was released to parole supervision before this appeal was perfected, and we thus conclude that the appeal has been rendered moot (*see People ex rel. Campolito v Hale*, 70 AD3d 1474, 1474 [2010]). The exception to the mootness doctrine does not apply herein (*see id.*). In any event, petitioner was not deprived of due process because he personally did not receive the decision revoking his parole. Notice to petitioner's attorney served as notice to petitioner (*see People ex rel. Knowles v Smith*, 54 NY2d 259, 266 [1981]). "[I]t is notification, not personal notification, that is a requirement of due process" (*id.*). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Valentino, JJ.