Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered November 30, 2012, denying the CPLR article 78 petition seeking, inter alia, to annul respondents’ determination that petitioner is not entitled to a distribution of certain child support payments collected by respondents, and dismissing the proceeding, affirmed, without costs.
Petitioner began receiving a grant of public assistance (PA) in December 1989 and continued to receive PA until her case was closed in February 2007. Petitioner reapplied for and received PA from June 2009 until December 2011 when she was determined to be eligible for Supplemental Security Income (SSI). Petitioner’s son, Michael Jackson, was added to her PA case as of the date of his birth in May 1990. At that time, respondent the New York City Human Resources Administration (HRA) obtained an assignment of petitioner’s rights to child support paid on Michael’s behalf (see Social Services Law § 158 [5]). In July 1991, HRA obtained a court order for support payments by Michael’s father. In 2000, petitioner also began receiving PA on behalf of J.S., her other son, who was born that year. *497 In 2000, pursuant to another assignment of petitioner’s rights, HRA obtained a separate court order for the payment of child support by J.S.’s father. Michael was a part of petitioner’s active PA case from May 1990 to February 28, 2007 and from August 1, 2009 to October 14, 2009. J.S. was included on petitioner’s PA case from the date of his birth in 2000 through February 28, 2007, from June 1, 2009 through July 31, 2009 and from November 1, 2009 through the date of the petition.
In August 2005, the Social Security Administration (SSA) determined Michael to be eligible for SSI. On September 18, 2007, HRA received from SSA a check in the amount of $1,232.50 for reimbursement of interim assistance provided on behalf of Michael for the period covering September 2005 through January 2007. On December 13, 2011, SSA reimbursed HRA for interim assistance provided for petitioner from September 2010 through December 2011.
On or about June 27, 2011, petitioner requested a first-level desk review. A desk review is “an accounting of the collections and disbursements made on behalf of a current or former recipient of public assistance (PA) who is or was receiving child support enforcement services (recipient)” (18 NYCRR 347.25 [a] [1]). In the case of a family, such as petitioner’s, that has ceased receiving aid to dependent children, a desk review may be sought where it is claimed that the amount of child support collected exceeded the amount of unreimbursed past assistance (see 18 NYCRR 347.13 [f] [3]; 347.25 [a] [2]). Petitioner’s request for a desk review pertained to an alleged cumulative excess support payment, a term defined on the request form as the “amount of payment in excess of total temporary assistance paid to you for past months.” The time period identified by petitioner ran from September 2005 to August 2011. Upon reviewing all of its PA and child support records for the life of the case, HRA notified petitioner of its determination that she was owed nothing for excess payments.* As required by 18 NYCRR 347.25 (f), HRA’s notice was accompanied by copies of the worksheets underlying its determination.
Through counsel, petitioner filed with respondent Office of Temporary and Disability Assistance (OTDA) a request for a second-level desk review {see 18 NYCRR 347.25 [g]). In requesting the second-level desk review, petitioner asserted that “any support collected [through the Child Support Management System] for Michael Jackson for the period from September *498 2005 through August 2011 should have been paid over to Crystal Hawkins since Michael Jackson was not in receipt of public assistance since January, 2007, and any public assistance provided for his needs for September 2005 through January, 2007 was reimbursed from retroactive SSI paid on his behalf in September, 2007.” In the determination that is under review, OTDA confirmed HRA’s first-level desk review determination on the basis of OTDA’s calculation of cash assistance received under petitioner’s case number in the amount of $112,588.83 for the duration of her case (Dec. 1, 1989 through Aug. 1, 2011), minus the $1,232.50 received from SSA as reimbursement of interim assistance, and minus $57,524 from assigned child support, leaving $53,832.33 in unreimbursed assistance. OTDA’s notification was accompanied by copies of the relevant worksheets.
In the instant article 78 petition, petitioner alleged that HRA “was fully reimbursed for public assistance paid on behalf of Michael Jackson during the period from September, 2005 through January 2007 from Michael Jackson’s retroactive SSI benefits.” The requested relief includes a judgment directing respondents to distribute the child support collected or due on behalf of Michael for that period. After issue was joined, the court below dismissed the petition upon finding that OTDA’s level-two desk review determination was not arbitrary and capricious. We affirm.
In this State, the receipt of public assistance is conditioned upon the assignment of an applicant’s or recipient’s support rights to the State and the respective social services district (see Social Services Law § 111-c [1], [2] [a]). Since December 1, 2001, petitioner’s PA benefits were issued under the State’s Safety Net Assistance (SNA) program (see Social Services Law § 157 et seq.). A person, such as petitioner, who applies for or receives SNA is required “to assign to the state and the social services district any rights to support that accrue during the period that a family receives safety net assistance” (Social Services Law § 158 [6] [i]). The assignment terminates with respect to current support upon a determination by the social services district that the applicant, recipient or family member for whom the applicant or recipient is applying for or receiving assistance is no longer eligible for safety net assistance, “except with respect to the amount of any unpaid support obligation that has accrued during the period that a family received safety net assistance” (Social Services Law § 158 [5]).
As set forth above, under the statutory scheme, the assignment of child support is suspended only with respect to current support. Although it could have, the legislature has chosen not *499 to suspend the assignment of child support with respect to child support due or collected on behalf of Michael while he and petitioner’s family received benefits, which is the interpretation urged by petitioner. Omissions in a statute cannot be supplied by construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 363). The claims set forth in the amended petition are therefore precluded by the application of the statute.
Petitioner cites to Social Services Law § 131-c (1) for the proposition that the assignment of her right to recover child support arrears was improper with respect to Michael because his needs were excluded from petitioner’s PA budget as of the time he became eligible for SSI. Petitioner misconstrues Social Services Law § 131-c (1) because its application is limited in scope to “the purposes of determining eligibility for and the amount of assistance payable.” The statute has nothing to do with the assignment of petitioner’s right to child support. Accordingly, there is no merit to petitioner’s argument that respondents’ interpretation of Social Services Law § 158 is at odds with the provisions of Social Services Law § 131-c (1).
We disagree with the concurrence/dissent’s position that there is no rational basis for respondents’ determination that “petitioner’s assignment of child support is permanent, lasting for the duration of the family’s public assistance case, even for a period of time when Michael was not a part of that household . . . .” The concurrence/dissent also posits that this matter should be remanded “for a recalculation of benefits paid for the family to exclude those periods of time after 2007.” The amended petition calls for relief that is limited to a judgment “reversing the State respondent’s determination of petitioner’s request for a second level desk review, and directing the city agency to distribute child support collected or due on behalf of Michael Jackson for the period from September 2005 through January 2007.” Therefore, petitioner has not preserved any request for the post-2007 review urged by the concurrence/ dissent (see e.g. People ex rel. Rodriguez v Warden, Rikers Is. Correctional Facility, 61 AD3d 494 [1st Dept 2009]).
We conclude that OTDA’s determination is correct for the reasons set forth above. To be sure, citing to Social Services Law §§ 158 (5) and 348 (2) and (3), petitioner has acknowledged in her brief and submissions below that the “[r]ights to child support are permanently assigned to the state and social services district as long as the support payments received do not exceed the total amount of assistance paid to the family as of the date the family no longer receives public assistance” (emphasis added). Here, since the total amount of PA paid to *500 petitioner and her family exceeded the amount of child support collected by HRA when her PA case closed in February 2007, no excess support payment was owed to petitioner (see 18 NYCRR 347.13 [f]; see also Matter of Pringle v Johnson, 158 AD2d 982 [4th Dept 1990]). Further, as provided by 18 NYCRR 347.13 (f) (3), “only amounts collected . . . which exceed the amount of unreimbursed past assistance shall be paid to the family.” Accordingly, petitioner is not entitled to any child support arrears that HRA has not yet collected.
We have considered petitioner’s remaining contentions and find them unavailing.
Concur—Tom, J.P., Friedman and DeGrasse, JJ.

 HRA did determine that petitioner was entitled to a “pass-through” payment of $100 that was made pursuant to Social Services Law §§ 111-c (2) (d) and 131-a (8) (a) (v) and is not a subject of this appeal.