# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1386**
**KAH 14-00402**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
MALCOLM BROWN, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MARK L. BRADT, SUPERINTENDENT, ATTICA CORRECTIONAL
FACILITY, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered January 30, 2014 in a habeas corpus
proceeding.  The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  On appeal from a judgment dismissing his petition
for a writ of habeas corpus, petitioner contends that he was denied
due process because he did not receive a final notice of revocation
after a parole revocation hearing.  Petitioner asserts that, as a
consequence, he was deprived of the ability to pursue an
administrative appeal inasmuch as he did not know the grounds upon
which the parole violation was sustained and therefore could not
challenge them.  We conclude that Supreme Court properly dismissed the
petition.

"As a matter of fundamental due process, petitioner was entitled
to the prompt receipt of [the Parole Board's final notice of
revocation] so that he might have an informed basis upon which to seek
review [and, thus,] neither the failure to pursue an administrative
appeal nor the absence of prejudice will foreclose our review" of his
contention (*People ex rel. Sumter v O'Connell*, 10 AD3d 823, 825).  We
nevertheless reject petitioner's contention on the merits.  The record
establishes that a parole revocation decision notice, i.e., the
disputed final notice of revocation (hereafter, decision notice), was
sent to petitioner at the Downstate Correctional Facility, and that he
was incarcerated at that facility at the time that the decision notice
was sent.  The record further establishes that the decision notice was
sent with a notice of appeal for petitioner to file if he wished to

contest the Hearing Officer's decision to revoke his parole, and that petitioner in fact sent the notice of appeal from the Downstate Correctional Facility to the Parole Board's Appeals Unit within six weeks after the decision notice was sent to him.  It is therefore clear that petitioner received the decision notice within the time parameters set forth in the applicable regulation (*see generally* 9 NYCRR 8005.20 [f]), and prior to preparing his administrative appeal.  Furthermore, "the general rule is that when a litigant appears by an attorney, notice to the attorney will serve as notice to the client" (*People ex rel. Knowles v Smith*, 54 NY2d 259, 266; *see People ex rel. Aikens v Brown*, 103 AD3d 1212, 1213).  Here, the record establishes that petitioner was represented by an attorney, and he failed to establish that his attorney did not receive the decision notice.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court