■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SANTIAGO, JR., Appellant. [33 NYS3d 811]—Appeal from a resentence of the Monroe County Court (Victoria M. Argento, J.), rendered November 14, 2013. Defendant was resentenced upon his conviction of sexual abuse in the first degree and unlawful imprisonment in the second degree.

It is hereby ordered that the resentence so appealed from is unanimously affirmed. Present—Smith, J.P., Centra, Carni, Curran and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHAN HOUSTON, Appellant, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [33 NYS3d 811]—Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 13, 2015 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition for a writ of habeas corpus in which he sought release from state prison on the ground that his parole revocation hearing was not held within 90 days of his waiver of his right to a preliminary hearing (see Executive Law § 259-i [3] [f] [i]; People ex rel. Gray v Campbell, 241 AD2d 723, 724 [1997]). Inasmuch as petitioner has again been released to parole supervision, this appeal is moot (see People ex rel. Yourdon v Semrau, 133 AD3d 1351, 1351 [2015]; People ex rel. Aikens v Brown, 103 AD3d 1212, 1213 [2013]). We conclude that the exception to the mootness doctrine does not apply (see Yourdon, 133 AD3d at 1351; Brown, 103 AD3d at 1213; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Present—Smith, J.P., Centra, Carni, Curran and Scudder, JJ.