■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES D. LIMMER, Appellant, v HAROLD McKINNEY, as Superintendent of Mt. McGregor Correctional Facility, Respondent. [803 NYS2d 750]—Appeal from a judgment of the Supreme Court (Ferradino, J.), entered March 11, 2005 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in 2000 of two counts of driving while intoxicated and two counts of aggravated unlicensed operation of a motor vehicle in the first degree and was sentenced to concurrent terms of imprisonment of $1^1/_3$ to 4 years on all charges. In 2003, after he had been released on parole, he was convicted of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree and

was sentenced, respectively, to concurrent prison terms of $1^2/_3$ to 5 years and $1^1/_3$ to 4 years. Defendant subsequently commenced this habeas corpus proceeding challenging the computation of his maximum expiration date contending that the Department of Correctional Services improperly credited the time he served on his 2000 convictions and while on parole. Following service of respondent's return, Supreme Court dismissed the petition on the merits without a hearing. This appeal by petitioner ensued.

On June 13, 2005, during the pendency of this appeal, petitioner was released to parole supervision. Inasmuch as habeas corpus relief is no longer available, the appeal must be dismissed as moot (*see People ex rel. Hatzman v Senkowski*, 251 AD2d 828, 828-829 [1998]; *see generally People ex rel. Alexander v Walsh*, 303 AD2d 1015, 1015-1016 [2003], *lv denied* 100 NY2d 505 [2003]). No exception to the mootness doctrine is presented under the circumstances here (*see People ex rel. Morales v Campbell*, 298 AD2d 740, 741 [2002]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.