■ In the Matter of THURMAN BROWN, Appellant, v ANTHONY J. ANNUCCI, as Deputy Commissioner and Counsel of the Department of Correctional Services, et al., Respondents. [875 NYS2d 332]—

Rose, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered February 1, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating his aggregate prison sentence.

In 1988, petitioner was convicted of robbery in the first degree and sentenced to 6 to 12 years in prison. In 1993, following his arrest while participating in a temporary release program, petitioner pleaded guilty to grand larceny in the fourth degree and was sentenced to a prison term of 1½ to 3 years, with such sentence to run consecutively with the first. Released to parole supervision in 1996, petitioner committed acts leading to his conviction of eight more crimes, each of which resulted in a prison sentence, whether determinate or indeterminate, to run consecutively with the 1993 sentences. Consequently, the maximum expiration date of petitioner's various sentences, as calculated by the Department of Correctional Services (hereinafter DOCS), is May 25, 2022. He will become eligible for a rerelease to parole supervision on July 24, 2009.

Contending, among other things, that DOCS miscalculated the aggregate maximum term associated with his 1993 and 1997 convictions and that the Board of Parole incorrectly established the date of his delinquency, petitioner commenced this CPLR article 78 proceeding seeking a recalculation of his release dates and a determination that he owed no delinquent time for the period between his February 22, 1996 release to parole supervision and May 15, 1998, the date on which he was returned to DOCS's custody. Supreme Court dismissed his petition, prompting this appeal.

We affirm. Prior to his 1993 conviction, petitioner's parole eligibility date, based on his initial 6-to-12-year prison sentence and inclusive of credited jail time, was April 30, 1993 and his maximum expiration date was April 30, 1999. His subsequent 1½-to-3-year prison sentence resulted in an adjusted parole eligibility date of October 28, 1994 and an adjusted maximum expiration date of April 28, 2002. In calculating the adjusted dates, DOCS added the minimum periods of imprisonment to arrive at an aggregate minimum period, and added the maximum periods to arrive at an aggregate maximum period. Such calculation was properly performed pursuant to Penal Law § 70.30 (1) (b) as that statute read at the time of petitioner's sentencing (see Matter of Mingo v Annucci, 49 AD3d 1106, 1106-1107 [2008], lv denied 11 NY3d 707 [2008]).

We similarly find no error in the Board of Parole's designation of August 19, 1996 as petitioner's date of delinquency. He was arrested on that date, and subsequently convicted of robbery in the second degree, while under parole supervision for a previously imposed sentence (*see* 9 NYCRR 8004.3 [b]; *Matter of Tineo v New York State Div. of Parole*, 14 AD3d 949, 950 [2005]). Accordingly, petitioner's 1993 sentence was interrupted by the delinquency and the interruption continued until petitioner was returned to DOCS's custody on May 15, 1998 (*see* Penal Law § 70.40 [3] [a]).

Petitioner's remaining claims have been reviewed and are determined to be without merit.

Cardona, P.J., Kane, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.