■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL TURNER, Appellant, v LAWRENCE SEARS, as Superintendent of Franklin Correctional Facility, Respondent. [882 NYS2d 330]—

Rose, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 5, 2007 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1999, petitioner pleaded guilty to the crime of robbery in the second degree and received the agreed-upon sentence of five years in prison, to run concurrently with a sentence in New

Jersey for a parole violation. Neither the sentencing minutes nor the commitment order contain any reference to the imposition of a period of postrelease supervision (*see* Penal Law § 70.45). The Department of Correctional Services (hereinafter DOCS), however, included a five-year period of postrelease supervision in calculating his sentence.

Petitioner was released from New York custody in 2003 and finished serving his sentence in New Jersey. After his release from New Jersey custody in 2005, petitioner failed to report to New York parole officials for the postrelease supervision portion of his 1999 sentence. Petitioner was arrested in August 2006 for violation of parole and returned to DOCS custody. Petitioner then commenced this CPLR article 70 proceeding challenging the legality of his incarceration. Supreme Court, following then extant case law, dismissed the petition, prompting this appeal.

Initially, as the record reflects that petitioner was released on parole during the pendency of this appeal, habeas corpus relief is not available (*see People ex rel. McAdoo v Taylor*, 31 AD3d 847, 848 [2006]; *People ex rel. Limmer v McKinney*, 23 AD3d 806, 807 [2005]). As the matter affects the period of petitioner's postrelease supervision, however, rather than dismissing the appeal as moot, we convert the CPLR article 70 proceeding to a CPLR article 78 proceeding (*see* CPLR 103 [c]; *People ex rel. Rodriguez v Warden, Rikers Is. Correctional Facility*, 61 AD3d 494 [2009]).

Turning to the merits, "only the courts have the authority to impose a postrelease supervision component of a sentence" (*Matter of Marino v Fischer*, 52 AD3d 985, 986 [2008]; *see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]). As DOCS acted outside its jurisdiction in administratively imposing a sentence of postrelease supervision on petitioner, such a sentence had no effect (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d at 362; *Matter of Dreher v Goord*, 46 AD3d 1261, 1262 [2007]). Accordingly, a parole warrant alleging a violation of this ineffectual portion of petitioner's sentence cannot be a valid basis for his detention (*see People ex rel. Lewis v Warden, Otis Baum Correctional Ctr.*, 51 AD3d 512, 512-513 [2008]; *People ex rel. Gerard [Colarusso] v Kralik*, 44 AD3d 804, 805 [2007]).

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition converted to a CPLR article 78 proceeding and petition granted to the extent of annulling the determination by the Department of Correctional Services imposing a period of postrelease supervision on petitioner as well as any outstanding parole violation warrant that may be based thereon.