■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLIFTON CATTS, Respondent, v WILLIAM T. HAGGETT, as Superintendent of Mt. McGregor Correctional Facility, Appellant. [888 NYS2d 804]—

Appeal from a judgment of the Supreme Court (Ferradino, J.), entered February 17, 2009 in Saratoga County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 70, to annul a determination of the Department of Correctional Services and directed that petitioner be resentenced.

In August 2007, petitioner was sentenced as a second felony offender to a prison term of 2½ years followed by two years of postrelease supervision upon his conviction of criminal possession of a controlled substance in the fifth degree. Neither the sentence and commitment order nor the sentencing minutes addressed the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2007 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court partially granted petitioner's application and ordered that he be resentenced. This appeal by respondent followed.

Preliminarily, petitioner's conditional release to parole supervision in September 2009 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, his maximum expiration date (cf. *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). Accordingly, we will consider this matter as a proceeding pursuant to CPLR article 78 and address the merits (see *id.* at 1437; CPLR 103 [c]).

There is no dispute that petitioner was sentenced in 2007 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even if it otherwise is silent on this point (see *People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Berman v Artus*, 63 AD3d at 1437; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Accordingly, we perceive no error in the computation of petitioner's sentence (see *Matter of Grey v Fischer*, 63 AD3d 1431, 1432 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Peters, J.P., Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.