■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEVI HOWARD, Appellant, v BRUCE S. YELICH, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [928 NYS2d 609]—

Petitioner was serving a lengthy prison sentence that was to have reached its maximum expiration date in 2009. After being released to parole supervision in 2007, he absconded and was eventually arrested in Pennsylvania on an unrelated charge, for which he served a prison sentence in that state. He was returned to New York in 2010 and pleaded guilty to violating his parole upon the understanding that he would be held for an additional 12 months. After New York officials declined to count the time that petitioner was incarcerated in Pennsylvania toward his prison sentence, he commenced this habeas corpus proceeding to challenge the legality of his continued detention. Supreme Court dismissed the petition, and petitioner appeals.

Initially, although petitioner has been released to parole supervision during the pendency of this appeal, inasmuch as his arguments call into question the calculation of his sentence's maximum expiration date, we decline to dismiss the appeal as moot. Instead, we will consider this habeas corpus proceeding as a CPLR article 78 proceeding and address the merits (*see* CPLR 103 [c]; *People ex rel. Catts v Haggett,* 67 AD3d 1315, 1316 [2009]; *cf. People ex rel. Schoenwandt v Travis,* 23 AD3d 806 [2005]).

When petitioner was declared delinquent on his parole release in July 2007, his New York sentence was interrupted and did not resume until his return to an institution under the jurisdiction of the Department of Correctional Services in May 2010 (*see* Penal Law § 70.40 [3] [a]). While his Pennsylvania sentence was apparently intended to run concurrently with the undischarged portion of his New York sentence, it was incumbent upon the Pennsylvania authorities to return him to New York to effectuate that intent (*see* Penal Law § 70.40 [3]; 42 Pa Cons Stat § 9761 [b]; *see also* Penal Law § 70.20 [3]; § 70.30 [2-a]). Inasmuch as they did not do so, his sentence was properly calculated.

Peters, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.