■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY SPEIGHTS, Appellant, v JEFF McKOY, as Superintendent of Greene Correctional Facility, Respondent. [930 NYS2d 498]—

Lahtinen, J.

Petitioner was convicted of criminal possession of a controlled substance in the second degree, a class A-II felony, and was sentenced to a prison term of three years to life in 1991 (*see* Penal Law § 220.18). He was released to parole supervision, which has since been revoked on multiple occasions. Most recently, he committed an armed robbery in Pennsylvania, prompting the Division of Parole to lodge a detainer warrant.

Petitioner was returned to New York in 2010, after which his parole was revoked and a time assessment of 10 months imposed. He then commenced this habeas corpus proceeding, arguing that his sentence terminated given a period from 1994 to 2000 when he enjoyed uninterrupted parole release. Supreme Court dismissed the petition, and this appeal ensued.

Preliminarily, petitioner has again been released to parole supervision, but this proceeding is not moot given that the maximum expiration date of his sentence remains affected by the issues presented (*see People ex rel. Forshey v John*, 75 AD3d 1100, 1101 [2010]; *People ex rel. Catts v Haggett*, 67 AD3d 1315, 1316 [2009]). We will accordingly consider this matter as a CPLR article 78 proceeding (*see* CPLR 103 [c]; *People ex rel. Catts v Haggett*, 67 AD3d at 1316), and now affirm.

Executive Law former § 259-j (3-a) directed the Division to "grant termination of sentence after three years of unrevoked presumptive release or parole to a person serving an indeterminate sentence for a class A felony offense defined in" Penal Law article 220.* As petitioner's lengthy period of parole release was revoked prior to the statute's 2005 enactment, however, the statute's provisions are inapplicable to him (*see Matter of Rosario v New York State Div. of Parole*, 84 AD3d 1665, 1666 [2011]; *Matter of Ciccarelli v New York State Div. of Parole*, 35 AD3d 1107, 1108 [2006], *lv denied* 8 NY3d 806 [2007]). Petitioner's argument that 2008 amendments to the statute extended its reach to periods of parole release revoked prior to 2005 is without merit (*see People ex rel. Murphy v Ewald*, 77 AD3d 778, 779 [2010], *lv denied* 16 NY3d 701 [2011]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Executive Law former § 259-j (3-a) was recently replaced by Correction Law § 205 (4) (*see* L 2011, ch 62, part C, subpart A, §§ 32, 38-g, 49).