# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1028**
**KAH 11-01817**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
ANDRIQUE BARON, PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES AND EKPE D. EKPE, SUPERINTENDENT,
WATERTOWN CORRECTIONAL FACILITY,
RESPONDENTS-RESPONDENTS.

---

KATHLEEN P. REARDON, ROCHESTER, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered May 26, 2011 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Inasmuch as petitioner has been released to parole supervision, this appeal by him from the judgment dismissing his petition for a writ of habeas corpus has been rendered moot (*see People ex rel. Baron v New York State Dept. of Corrections*, 94 AD3d 1410, 1410, *lv denied* 19 NY3d 807; *see also People ex rel. Graham v Fischer*, 70 AD3d 1381, 1381-1382; *People ex rel. Mitchell v Unger*, 63 AD3d 1591, 1591; *People ex rel. Hampton v Dennison*, 59 AD3d 951, 951, *lv denied* 12 NY3d 711), and the exception to the mootness doctrine does not apply herein (*see Graham*, 70 AD3d at 1381-1382; *Hampton*, 59 AD3d at 951; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). Contrary to petitioner's contention, *People ex rel. Phillips v LaClair* (84 AD3d 1606, 1606) does not compel a different result. Although the Third Department concluded therein that the petitioner's appeal was moot because the petitioner was "no longer incarcerated or subject to the jurisdiction of the Board of Parole" (*id.*), the Court subsequently made clear that a petitioner on parole supervision may not maintain a habeas corpus claim (*see People ex rel. Speights v McKoy*, 88 AD3d 1039, 1040; *People ex rel. Howard v Yelich*, 87 AD3d 772, 773). Petitioner's reliance on *Speights* and *Howard* is misplaced. Unlike this case, *Speights* and *Howard* called into question the calculation of the maximum expiration date of the petitioner's sentence and, thus, the Court decided to convert those habeas corpus

proceedings to proceedings pursuant to CPLR article 78 (*see Speights*, 88 AD3d at 1040; *Howard*, 87 AD3d at 773). Here, by contrast, the calculation of the maximum expiration date of petitioner's sentence is not affected by the issue presented.

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court