12-3439-cr
United States v. Copeland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand thirteen.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
           DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
            *Appellee*,

            v.                                         No. 12-3439-cr

MAURICE COPELAND,
            *Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:                    Maurice Copeland, *pro se*, Ayer, Massachusetts.

FOR APPELLEE:                     Emily Berger, Christopher C. Caffarone, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on August 13, 2012, is AFFIRMED.

Defendant Maurice Copeland, proceeding <u>pro se</u>, challenges his conviction for possessing with intent to distribute 50 grams or more of cocaine base, <u>see</u> 21 U.S.C. § 841(a)(1), arguing that the district court erred in denying his motion to dismiss the indictment for lack of subject matter jurisdiction. Copeland also raises, for the first time on appeal, claims that his Fourth and Fourteenth Amendment rights were violated by conduct occurring before his entry of an unconditional guilty plea. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

As an initial matter, it is well settled that "[a] knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings." <u>United States v. Coffin</u>, 76 F.3d 494, 496 (2d Cir. 1996); <u>accord United States v. Lasaga</u>, 328 F.3d 61, 63 (2d Cir. 2003). To reserve an issue for appeal after a guilty plea, "a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." <u>United States v. Coffin</u>, 76 F.3d at 497 (citing Fed. R. Crim. P. 11(a)(2)). Because Copeland's constitutional challenges are not themselves

jurisdictional, he waived any right to raise them on appeal by entering an unconditional plea of guilty. To the extent Copeland argues otherwise because jurisdiction was lacking in his case, his argument is without merit.

We review de novo both the denial of a motion to dismiss an indictment and questions of subject matter jurisdiction. See United States v. White, 237 F.3d 170, 172 (2d Cir. 2001); United States v. Yousef, 327 F.3d 56, 137 (2d Cir. 2003). In so doing, we conclude that Copeland's reliance on In re Liberatore, 574 F.2d 78 (2d Cir. 1978), to challenge jurisdiction is misplaced. In that case, we held that a district court lacked authority to stay the running of a prior state sentence. See id. at 89 (observing that "sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him"). At the same time, however, we stated that "[t]his exclusivity of jurisdiction does not mean, of course, that another sovereignty interested in prosecuting the individual . . . must necessarily stand idly by while the prisoner completes the service of the sentence imposed by the courts of the first sovereignty." Id. Indeed, we have recognized that the "shift from state to federal jurisdiction is commonplace." United States v. Johnson, 171 F.3d 139, 142 (2d Cir. 1999). Thus, we conclude that the district court correctly determined that it had jurisdiction over Copeland's prosecution and did not err in refusing to dismiss the indictment.

3

We have considered Copeland's remaining arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court