McCarthy, J.
(dissenting). I respectfully dissent. Inasmuch as respondents complied with the law regarding the proper calculation of credit toward petitioner’s state criminal sentence for the time that he spent in federal prison, the judgment should be affirmed.
Petitioner, a prison inmate, challenges the computation of certain jail time credit he received. During a period of supervised *1127 release following his release from federal prison in 2006, petitioner was arrested in February 2009 and charged with committing numerous crimes in Greene County. While incarcerated in the Greene County jail as a result of these pending charges, a federal warrant was lodged against petitioner in March 2009 alleging a violation of his federal supervised release. In November 2009, petitioner appeared in County Court and pleaded guilty to burglary in the first degree. Pursuant to the plea agreement, it was agreed that petitioner would receive a sentence of 8V2 years in prison, followed by five years of postrelease supervision. Sentencing was scheduled at that time for February 23, 2010, and the court specifically stated that if a federal sentence was imposed pursuant to the federal detainer warrant prior to that sentencing date, the court would impose the state sentence to run concurrently with the federal sentence. However, the court also stated that it would not postpone sentencing in the event that the federal matter was not concluded by the time of the next appearance. In December 2009, the court released petitioner on his own recognizance, subject to the federal detainer warrant, and he was thereafter placed in federal custody at the Albany County jail.
County Court issued a writ of production directing the federal authorities to surrender petitioner to the State Police on February 23, 2010 for the purpose of transport to Greene County for sentencing, after which he was to be returned to federal custody. At the scheduled sentencing, County Court denied petitioner’s request for an adjournment until after the federal sentence was imposed, and sentenced him in accordance with the plea agreement (People v Hall, 89 AD3d 1323 [2011]). Petitioner was then returned to the federal authorities and, in March 2010, he was sentenced in federal court to a 36-month term of imprisonment for violation of the terms of his supervised release. Although the federal court stated that the term of imprisonment was to run “concurrently] with the New York State sentence [petitioner] is currently serving,” the court did not direct that the federal sentence be served in a state correctional facility but, rather, directed that the sentence be served in a federal prison. Petitioner was credited with prior jail time for the period between February 19, 2009 and February 22, 2010 and was released from federal prison in October 2011. Petitioner was thereafter received by the Department of Corrections and Community Supervision (hereinafter DOCCS) and began serving his 2010 state sentence. Petitioner commenced this CPLR article 78 proceeding seeking credit for the approximately 20-month period he spent imprisoned in the federal system, i.e., February 23, 2010 to October 25, 2011. Supreme Court dismissed the petition on the merits, and this appeal followed.
*1128 Contrary to petitioner’s argument, he is not entitled to credit against his 2010 state sentence for the time he served in federal prison pursuant to the March 2010 federal sentence. Under the doctrine of primary jurisdiction, the “sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him [or her]” (United States v Copeland, 523 Fed Appx 10, 11 [2d Cir 2013] [internal quotation marks and citation omitted]; see Dutton v United States Attorney Gen., 713 F Supp 2d 194, 200 [WD NY 2010]). This means that a defendant sentenced by two sovereigns will first serve the sentence imposed by the sovereignty with primary jurisdiction, regardless of which sentence was actually imposed first (see Thomas v Brewer, 923 F2d 1361, 1365 [9th Cir 1991]; In re Liberatore, 574 F2d 78, 89 [2d Cir 1978]; Shumate v United States, 893 F Supp 137, 139 [ND NY 1995]). Here, while New York initially had primary jurisdiction of petitioner in February 2009 when he was arrested pursuant to the Greene County charges, it relinquished that jurisdiction to the federal government when it released petitioner on his own recognizance — the equivalent of bail — in December 2009, subject to any federal detainer (see generally Shumate v United States, supra; see also CPL art 510). Although the federal government thereafter effected a “loan” of petitioner when it surrendered him for transport to Greene County for sentencing in February 2010, it did not relinquish primary jurisdiction of him (see Dutton v United States Attorney Gen., 713 F Supp 2d at 200-201; see also Crawford v Jackson, 589 F2d 693, 695-696 [DC Cir 1978], cert denied 441 US 934 [1979]). Consequently, petitioner’s state sentence could not commence until he was released from federal custody and received by DOCCS in November 2011 (see Penal Law § 70.30 [1]; see generally Dutton v United States Attorney Gen., 713 F Supp 2d at 200-201).
I disagree with the majority’s factual determination that “it is clear that both sovereigns intended the state and federal sentences to run concurrently.” Although the federal court indicated that it was imposing petitioner’s March 2010 federal sentence to run concurrently with the February 2010 state sentence, it failed to “designate the [s]tate correctional facility as the place for the defendant to serve his [fjederal sentence” (Dutton v United States Attorney Gen., 713 F Supp 2d at 199; cf. People ex rel. Howard v Yelich, 87 AD3d 772, 773 [2011]), which, under these circumstances, was necessary to effectively make the sentences run concurrently. Specifically, a memo in the record from DOCCS’ Sentencing Review Counsel notes that “[i]f primary jurisdiction had not been relinquished by the county and the federal court directed its sentence to run concurrently *1129 with the state sentence, the Federal Bureau of Prisons had the discretion to designate DOCCS as the location for the petitioner to serve his federal and state sentences. Since that was not done, the petitioner’s federal and state sentences ran sequentially instead of concurrently.”
While the federal court may have intended that the sentences run concurrently — despite the court not properly implementing concurrent sentencing — County Court did not indicate a clear intention that the state and federal sentences should run concurrently. That court stated that it would run the state sentence concurrently if the federal sentence was imposed first. During the plea proceeding, the court also made clear that it would not grant an adjournment to specifically allow the federal sentence to be imposed first. While County Court had indicated some willingness to permit the sentences to run concurrently, at sentencing — which occurred before the federal sentencing — the court denied the request for an adjournment and imposed sentence without addressing the relationship between the state and federal sentences. Indeed, County Court — as the court imposing the first sentence — could not make the sentences concurrent because there was no federal sentence at that time. When petitioner later wrote to County Court seeking assistance to compel DOCCS to calculate his state sentence with credit for time served in federal prison, the court responded that ££[t]here was no provision in your sentence regarding any federal prosecution and no representation of what sentence a federal court might impose or how such sentence might be calculated or carried out.” Thus, I cannot agree that the state court clearly intended concurrent sentencing.
The majority cites absolutely no legal authority that would permit us to essentially resentence petitioner to concurrent prison terms despite the sentencing courts not having properly done so. Moreover, contrary to the majority’s conclusion, it is not clear that both sovereigns intended that the state and federal sentences would run concurrently. DOCCS correctly calculated petitioner’s sentence, which is the only issue currently before this Court.* Accordingly, the judgment should be affirmed.
Ordered that the judgment is reversed, on the law, without *1130 costs, petition granted and the Department of Corrections and Community Supervision to recompute petitioner’s jail time credit in accordance with this Court’s decision.

 Petitioner contends that he was deprived of the benefit of his plea bargain, which he asserts included concurrent sentencing. That argument is not properly before us in the context of this CPLR article 78 proceeding against DOCCS officials and the Greene County Sheriff. The proper way to raise that argument would be through a motion pursuant to CPL article 440 seeking to set aside his conviction or sentence.