*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                517608
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. ANTHONY
    ALBERT,
                    Appellant,

        v                                MEMORANDUM AND ORDER

ERIC T. SCHNEIDERMAN, as
    Attorney General, et al.,
                    Respondents.
_____

Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Anthony Albert, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (Work, J.), entered October 30, 2013 in Ulster County, which denied petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

        Petitioner was convicted of attempted criminal possession of a weapon in the third degree and, in 1997, was sentenced to a prison term of two years to life.  Petitioner was released to parole supervision, which subsequently was revoked on multiple occasions.  After petitioner was charged with new drug offenses in 2013, his parole again was revoked and a time assessment of one year was imposed.  Petitioner then commenced this habeas corpus proceeding, arguing that he was entitled to mandatory termination of his sentence pursuant to Executive Law § 259-j

former (3-a).  Supreme Court dismissed the petition, and this appeal ensued.

Initially, respondents advise us that petitioner again has been released to parole supervision.  Nonetheless, because "the maximum expiration date of his sentence remains affected by the issues presented," we will not dismiss this matter as moot and will instead consider it as a CPLR article 78 proceeding (People ex rel. Speights v McKoy, 88 AD3d 1039, 1040 [2011]; see People ex rel. Howard v Yelich, 87 AD3d 772, 773 [2011]).  As to the merits, inasmuch as petitioner was not convicted of a qualifying drug felony, he is not entitled to relief under the provisions of Executive Law § 259-j former (3-a) and current Correction Law § 205 (4) (see People ex rel. Williams v Kirkpatrick, 111 AD3d 1327, 1327 [2013]).  Petitioner's remaining contention was not raised before Supreme Court, and, hence, is unpreserved for our review.

Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court