# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 30, 2014          517846
_____

In the Matter of JESSE W.
   SMITH,
               Petitioner,

       v                       MEMORANDUM AND JUDGMENT

NEW YORK STATE BOARD OF PAROLE,
                  Respondent.
_____


Calendar Date: September 16, 2014

Before: Peters, P.J., McCarthy, Garry, Egan Jr. and Devine, JJ.

_____


      Jesse W. Smith, Schenectady, petitioner pro se.

      Eric T. Schneiderman, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

_____


      Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's postrelease supervision and imposed a 30-month hold.

      In 2002, petitioner was convicted of a number of crimes, the most serious of which was robbery in the first degree, and he was sentenced to determinate prison terms aggregating 10½ years, to be followed by five years of postrelease supervision. In January 2011, he was released to postrelease supervision and at that time he had just over one year and six months remaining on his determinate prison terms, which were held in abeyance. Thereafter, he was charged with violating the conditions of his release and, following preliminary and final revocation hearings, his postrelease supervision was revoked and a 30-month hold was imposed. On May 17, 2012, petitioner was returned to the custody

of the Department of Corrections and Community Supervision with a maximum expiration date of August 3, 2013. The 30-month hold was set to expire on July 30, 2014. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the revocation of his postrelease supervision.

The Attorney General has advised this Court that the 30-month hold has now expired and petitioner was released to postrelease supervision on July 30, 2014. The Attorney General has further indicated that the time that petitioner spent in prison following the expiration of his maximum expiration date has been credited against his remaining term of postrelease supervision (see Penal Law § 70.45 [5] [d] [iv]). Accordingly, given that petitioner's maximum expiration date has expired and he has received all the relief that he requested, the proceeding must be dismissed as moot (see Matter of Horton v Travis, 18 AD3d 922, 922-923 [2005]; see also People ex rel. Kent v New York State Div. of Parole, 87 AD3d 1205, 1206 [2011]; compare People ex rel. Albert v Schneiderman, 120 AD3d 856 [2014]).

Peters, P.J., McCarthy, Garry, Egan Jr. and Devine, JJ., concur.


ADJUDGED that the petition is dismissed, as moot, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court