*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 22, 2016                    522408
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. RONALD
    DAVIDSON,
                        Appellant,

        v                                          MEMORANDUM AND ORDER

JOSEPH SMITH, as Superintendent
    of Shawangunk Correctional
    Facility, et al.,
                        Respondents.
_____


Calendar Date:   August 8, 2016

Before:  Garry, J.P., Lynch, Rose, Devine and Aarons, JJ.

                        _____


        Ronald Davidson, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for respondents.

                        _____


        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered October 6, 2015 in Sullivan County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 70, without a hearing.

        In 1976, petitioner was sentenced to three consecutive
terms of 25 years to life in prison after he was convicted of
three counts of murder in the second degree.  In July 2013, he
appeared before the Board of Parole seeking to be released to
parole supervision.  The Board denied his request but, given that
he was a citizen of Canada as well as the United States, granted
him conditional release for deportation only (hereinafter CRDO)
to occur after the date of the Board's decision but before

petitioner's next appearance in July 2015. In 2014, after it was determined that petitioner was ineligible for CRDO under Executive Law § 259-i (2) (d) (i), a temporary suspension notice was issued and a hearing was conducted to consider rescission of the Board's July 2013 decision. At the conclusion of the hearing, the Board issued a May 2014 decision modifying its prior decision, by rescinding that portion that granted petitioner CRDO, but upholding the remainder. This decision was subsequently affirmed on administrative appeal. Petitioner then brought this application for a writ of habeas corpus challenging the May 2014 decision. Following joinder of issue, Supreme Court dismissed the application, and petitioner now appeals.

Although petitioner was released to parole supervision during the pendency of this appeal, he was sentenced to a maximum of life in prison, and his maximum expiration date remains affected by the issues presented herein. Thus, the appeal is not moot (see People ex rel. Albert v Schneiderman, 120 AD3d 856, 856 [2014]; People ex rel. Speights v McKoy, 88 AD3d 1039, 1040 [2011]), and we shall consider this habeas corpus proceeding as a proceeding brought pursuant to CPLR article 78 (see CPLR 103 [c]; People ex rel. Speights v McKoy, 88 AD3d at 1040; People ex rel. Howard v Yelich, 87 AD3d 772, 773 [2011]).

Turning to the merits, Executive Law § 259-i (2) (d) (i) provides, in relevant part, that, in order for an inmate to be eligible for CRDO, a final order of deportation must be issued against him or her and the inmate must not have been convicted of an A-I felony offense, other than one defined in Penal Law article 220, or a violent felony offense as defined in Penal Law § 70.02. Here, petitioner concedes that a final order of deportation has not been and cannot be issued against him due to obstacles presented in renouncing his United States citizenship. In addition, he was convicted of three counts of murder in the second degree (see Penal Law § 125.25), which are all disqualifying A-I felonies (see Matter of Howithi v Travis, 19 AD3d 727 [2005], lv dismissed 5 NY3d 821 [2005]). As petitioner is thus statutorily ineligible for CRDO, the Board acted properly in modifying its July 2013 decision to conform with the requirements of law (see 9 NYCRR 8000.4).

Contrary to petitioner's claim, the Board did not otherwise find that he was fit for parole release, as the July 2013 decision states that petitioner's release "is not compatible with the welfare of society" and sets forth the factors considered in reaching this conclusion. We do not find that the Board's subsequent May 2014 decision was affected by "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), and, therefore, we do not disturb it. Petitioner's remaining contentions have been considered and are unavailing.

Garry, J.P., Lynch, Rose, Devine and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court