State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 26, 2017          522881
_____

In the Matter of DANIEL L.
    SMITH,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Mulvey, JJ.

_____

        Daniel L. Smith, Marcy, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (DeBow, J.), entered March 8, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's maximum expiration date of his period of postrelease supervision.

        Petitioner, having completed his determinate prison term, commenced serving his five-year period of postrelease supervision in Pennsylvania, with a maximum expiration date of September 23, 2015.  On December 9, 2010, petitioner was declared delinquent due to an alleged violation of the terms of his release.  Thereafter, petitioner was convicted in Pennsylvania on an assault charge and served a period of incarceration.  He was also

convicted on a separate disorderly conduct charge, while an inmate in Pennsylvania. On December 18, 2012, the Department of Corrections and Community Supervision (hereinafter DOCCS) was advised that petitioner had completed the sentences ultimately imposed in Pennsylvania and was available to be returned to New York, thereby commencing petitioner's parole jail time credit on this date. Following a final revocation hearing that resulted in a 30-month assessment being imposed, petitioner was returned to the custody of DOCCS on February 8, 2013. Petitioner was credited with 52 days parole jail time from December 18, 2012 through February 7, 2013, and the maximum expiration date of his postrelease supervision was recalculated to September 30, 2017. Petitioner commenced this CPLR article 78 proceeding challenging the maximum expiration date of his postrelease supervision. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's contention that DOCCS altered the five-year period of postrelease supervision imposed and exceeded its jurisdiction when the maximum expiration date of petitioner's postrelease supervision was recalculated. The five-year period of postrelease supervision was not, as urged by petitioner, in any way altered or modified. Rather, petitioner's postrelease supervision was interrupted when petitioner was declared delinquent in December 2010 and did not resume until he returned to DOCCS's custody in February 2013 (see Penal Law § 70.40 [3] [a]; People ex rel. Howard v Yelich, 87 AD3d 772, 773 [2011]). Petitioner's assertion that he is entitled to additional parole jail time credit toward his New York postrelease supervision due to an alleged error by Pennsylvania in holding him in excess of the sentence imposed in that jurisdiction with regard to the assault conviction is not substantiated by the record, particularly in view of the additional disorderly conduct conviction. In any event, any claim of excess confinement in Pennsylvania must initially be resolved in that jurisdiction. As the record does not reflect any error in DOCCS's assessment of parole jail time credit in the recalculation of the maximum expiration of petitioner's postrelease supervision date, it will not be disturbed. Petitioner's remaining contentions are without merit.

-3-                              522881

McCarthy, J.P., Garry, Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court