Appeal from a judgment of the Supreme Court (Fisher, J.), entered March 31, 2017 in Greene County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
 

 Following completion of the term of imprisonment imposed upon his federal conviction of passport fraud, petitioner was delivered to the custody of the Department of Corrections and Community Supervision to begin serving the indeterminate sentence imposed upon his conviction of various larceny-related crimes in New York County. While so incarcerated, petitioner commenced this proceeding seeking a writ of habeas corpus, alleging that he was entitled to certain jail-time credit that, if properly calculated, would result in a parole eligibility date of September 19, 2016—rather than December 24, 2016. Respondents, noting that petitioner had been released to parole supervision on December 17, 2016, urged Supreme Court to deny the proceeding as moot. Supreme Court granted respondents the requested relief, prompting this appeal.
 

 We affirm. Inasmuch as petitioner has been released to parole supervision, the instant proceeding—wherein petitioner seeks an immediate release from state custody—is moot (see People ex rel. Yourdon v Semrau, 133 AD3d 1351, 1351 [2015]; People ex rel. Anderson v James, 125 AD3d 1329, 1330 [2015]; People ex rel. Roman v Haggett, 79 AD3d 1470, 1471 [2010]; People ex rel. Melendez v McLaughlin, 30 AD3d 922, 923 [2006]), and we discern no basis upon which to invoke the exception to the mootness doctrine (see People ex rel. Roman v Haggett, 79 AD3d at 1471; People ex rel. Limmer v McKinney, 23 AD3d 806, 807 [2005]). Moreover, contrary to petitioner’s assertion, the issues presented do not affect his maximum expiration date and, therefore, we decline his invitation to convert this matter to a CPLR article 78 proceeding and address the merits (see People ex rel. Keyes v Khahaifa, 101 AD3d 1665, 1665 [2012], lv denied 20 NY3d 862 [2013]; compare People ex rel. Davidson v Smith, 142 AD3d 1237, 1237-1238 [2016]; People ex rel. Albert v Schneiderman, 120 AD3d 856, 856 [2014]).
 

 Garry, J.P., Egan Jr., Devine, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the appeal is dismissed, as moot, without costs.