People ex rel. Allen v Yelich (2018 NY Slip Op 01686)





People v Yelich


2018 NY Slip Op 01686


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

524786

[*1]THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERICK ALLEN, Appellant,
v
BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, Respondent.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Michael E. Cassidy, Prisoner's Legal Services of New York, Plattsburgh, for appellant.
Eric T. Schneiderman, Attorney General, Albany (Brian Ginsberg of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered November 30, 2016 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In June 2005, petitioner was sentenced as a second felony offender to four years in prison and five years of postrelease supervision for his conviction of attempted criminal possession of a weapon in the third degree. Following his release to postrelease supervision in July 2010, petitioner absconded and,
in January 2011, was declared delinquent. In May 2011, petitioner was arrested in New Jersey on unrelated charges, and, in satisfaction of those charges, he pleaded guilty to assaulting a law enforcement officer and resisting arrest. The New Jersey trial court sentenced petitioner to concurrent prison terms of four years for the assault conviction and 3 to 7 years for the resisting arrest conviction. At sentencing, the trial court specified that the sentences it imposed on the convictions were to run concurrently with one another and "to run concurrent[ly] with the sentence imposed on [the] New York State parole violation." In January 2016, petitioner was released from the New Jersey Department of Corrections and returned to a New York jail. Petitioner thereafter pleaded guilty to violating his postrelease supervision and was given a 15-month time assessment. After being returned to the custody of the Department of Corrections [*2]and Community Supervision (hereinafter DOCCS) in April 2016, petitioner filed a petition, and then an amended petition, for a writ of habeas corpus for immediate release based on the claim that he had reached the maximum expiration of his sentence. Petitioner specifically claimed that he was wrongfully denied credit in New York for his incarceration in New Jersey from June 2012 to January 2016. Supreme Court denied the petition, and petitioner now appeals.
Initially, as the record reflects that petitioner was released to postrelease supervision during the pendency of this appeal, habeas corpus relief is not available (see People ex rel. Turner v Sears, 63 AD3d 1404, 1405 [2009]; People ex rel. McAdoo v Taylor, 31 AD3d 847, 848 [2006]). However, inasmuch as this matter calls into question the calculation of petitioner's maximum expiration date and period of his postrelease supervision (see People ex rel. Speights v McKoy, 88 AD3d 1039, 1040 [2011]; People ex rel. Turner v Sears, 63 AD3d at 1405), we decline to dismiss this appeal as moot and instead convert the CPLR article 70 proceeding to a CPLR article 78 proceeding (see CPLR 103 [c]; People ex rel. Howard v Yelich, 87 AD3d 772, 773 [2011]; People ex rel. Rodriguez v Warden, Rikers Is. Correctional Facility, 61 AD3d 494, 494 [2009]; cf. People ex rel. Baron v New York State Dept. of Corr. Servs., 98 AD3d 1307, 1308 [2012], lv denied 20 NY3d 855 [2012]).
We are not persuaded by petitioner's contention that DOCCS improperly declined to credit him for the period of out-of-state incarceration that he served in New Jersey from June 2012 to January 2016. When an individual in the custody of DOCCS is alleged to have violated the terms of his or her parole release and has been declared delinquent, "the declaration of delinquency shall interrupt the person's sentence as of the date of delinquency[,] and such interruption shall continue until the return of the person to an institution under the jurisdiction of [DOCCS]" (Penal Law § 70.40 [3] [a]; see Matter of Miller v New York State Dept. of Corr. & Community Supervision, 105 AD3d 677, 677 [2013]; Matter of Brown v Annucci, 60 AD3d 1223, 1225 [2009]; Matter of Davidson v State of N.Y. Dept. of Correctional Servs., 53 AD3d 741, 742 [2008], lv denied 11 NY3d 706 [2008]; Matter of Washington v Dennison, 42 AD3d 830, 831 [2007]). Here, when petitioner was declared delinquent on his parole release in January 2011, his New York sentence was interrupted and did not resume until he was returned to the custody of DOCCS in January 2016 (see Penal Law § 70.40 [3]; Matter of Smith v Annucci, 146 AD3d 1266, 1267 [2017]; People ex rel. Howard v Yelich, 87 AD3d at 773; cf. Penal Law § 70.30 [7]). Thus, DOCCS's recalculation and adjustment of petitioner's maximum expiration date did not impermissibly extend or modify petitioner's five-year period of postrelease supervision (see Matter of Smith v Annucci, 146 AD3d at 1267). While the New Jersey trial court intended for petitioner's New Jersey sentence to run concurrently with the undischarged period of his New York sentence, "it was incumbent upon the [New Jersey] authorities to return him to New York to effectuate that intent" (People ex rel. Howard v Yelich, 87 AD3d at 773; see Penal Law § 70.40 [3]; Matter of Smith v Annucci, 146 AD3d at 1267; see also Penal Law §§ 70.20 [3]; 70.30 [2-a]; Matter of Hall v LaValley, 115 AD3d 1125, 1128-1129 [2014, McCarthy, J., dissenting] [noting that while both the federal and state courts intended their respective sentences to run concurrently with one another, the federal court failed to designate the state correctional facility as the place or jurisdiction in which the defendant could serve his federal prison sentence]).[FN1]
Accordingly, inasmuch as the record before us does not reflect any error in DOCCS's recalculation of the maximum expiration of petitioner's postrelease supervision date, it will not be disturbed. Petitioner's remaining contentions have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by converting the petition to a CPLR article 78 proceeding, and, as so modified, affirmed.



Footnotes

Footnote 1: When a defendant in state or non-federal custody receives a federal prison sentence — and the federal district court expressly indicates at sentencing that the federal prison sentence will run concurrently with the state sentence — the Federal Bureau of Prisons "will designate the [s]tate correctional facility as the place for the defendant to serve his [or her] [f]ederal sentence" (Dutton v United States Attorney Gen., 713 F Supp 2d 194, 199-200, 203 [WD NY 2010]; see 18 USC §§ 3584 [a]; 3585 [a]; 3621 [b]; Abdul-Malik v Hawk-Sawyer, 403 F3d 72, 75-76 [2d Cir 2005]; Clapper v Langford, 186 F Supp 3d 235, 238 [ND NY 2016]).