People ex rel. Snell v Superintendent of Greene Corr. Facility (2018 NY Slip Op 05655)





People v Superintendent of Greene Corr. Facility


2018 NY Slip Op 05655


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

526233

[*1]THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRIAN SNELL, Appellant, 
v
SUPERINTENDENT OF GREENE CORRECTIONAL FACILITY, Respondent.

Calendar Date: June 11, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

Brian Snell, Napanoch, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Fisher, J.), entered October 2, 2017 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was released on parole supervision after serving a portion of his 1½ to 4½-year prison sentence imposed as a result of his 1992 conviction of criminal possession of a controlled substance in the fourth degree, with a maximum expiration date of October 29, 1996. Thereafter, petitioner was declared delinquent and, in January 1996, was sentenced as a second felony offender to 12½ to 25 years in prison following his plea of guilty to manslaughter in the first degree. As the 1996 sentence ran consecutively to the 1992 sentence, petitioner's new maximum release date was calculated to be November 9, 2021.
In 2013, petitioner again was released on parole supervision, but shortly thereafter was declared delinquent and returned to custody. In December 2013, a preliminary parole revocation hearing resulted in the finding of probable cause to support the charge that petitioner violated the conditions of his parole. No final revocation hearing was held. In March 2014, petitioner pleaded guilty to attempted criminal possession of a controlled substance in the fourth degree and ultimately was sentenced, as a second felony drug offender with a prior violent felony offense conviction, to a prison term of 3½ years followed by a period of postrelease supervision. As a result, petitioner's maximum expiration date was recalculated to be March 30, 2022.
In 2017, petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus contending, as is relevant here, that the failure to conduct a final revocation hearing extinguished the remainder of his 1992 and 1996 sentences, and that because he had [*2]completed the 2014 sentence, his continued detention is unlawful and, therefore, he is entitled to immediate release. Supreme Court dismissed the petition, and petitioner appeals.
We affirm. Contrary to petitioner's contention, the failure to provide a final parole revocation hearing did not result in the time remaining on the 1992 or 1996 sentence being extinguished. At best, petitioner would only be entitled to vacatur of the parole violation warrant (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Mills v Lempke, 112 AD3d 1365, 1366 [2013], lv denied 22 NY3d 864 [2014]). In any event, petitioner's parole was automatically revoked upon his 2014 conviction (see Executive Law § 259-i [3] [d] [iii]). As petitioner's March 30, 2022 maximum expiration date was unaffected by the lack of a final parole revocation hearing, he is not entitled to immediate release and, therefore, habeas corpus relief is unavailable (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d at 398). Petitioner's further challenge to his predicate felony offender status in connection with his 2014 conviction is raised for the first time on appeal and, therefore, is unpreserved for our review (see People ex rel. Albert v Schneiderman, 120 AD3d 856, 856-857 [2014]; People ex rel. Velez v Artus, 49 AD3d 1109, 1110 [2008], lv denied 10 NY3d 716 [2008]).
McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.