People, ex rel. Garcia v Smith (2019 NY Slip Op 05237)





People v Smith


2019 NY Slip Op 05237


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

525800

[*1]THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD GARCIA, Appellant,
v
BRANDON J. SMITH, as Superintendent of Greene Correctional Facility, Respondent.

Calendar Date: May 24, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Edward Garcia, Jamaica, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Elliott III, J.), entered August 17, 2017 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
In July 2016, petitioner was sentenced to 3½ years in prison, to be followed by three years of postrelease supervision, after pleading guilty to burglary in the second degree. In February 2017, petitioner commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus alleging prosecutorial misconduct, that the indictment was jurisdictionally defective, that he received ineffective assistance of counsel, that he was denied the right to a speedy trial and that his guilty plea was coerced. Supreme Court dismissed the petition without a hearing, and this appeal ensued.
Inasmuch as petitioner has been released to parole supervision during the pendency of this appeal, the instant proceeding — wherein petitioner seeks the immediate release from custody — is moot (see People ex rel. Kim v Smith, 156 AD3d 1100, 1101 [2017]; People ex rel. Knoblauch v Murray, 298 AD2d 716, 717 [2002], lv denied 99 NY2d 506 [2003]). In any event, "it is well settled that habeas corpus relief is not available where, as in this case, the claims advanced by the petitioner could have been raised in a direct appeal or a motion to vacate the conviction pursuant to CPL article 440" (People ex rel. Knoblauch v Murray, 298 AD2d at 717; see People ex rel. McCray v LaClair, 161 AD3d 1490, 1491 [2018], lv dismissed and denied 32 NY3d 1143 [2019]).
Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.