People ex rel. Meeks v Lansing (2019 NY Slip Op 07979)





People ex rel. Meeks v Lansing


2019 NY Slip Op 07979


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

529021

[*1]The People of the State of New York ex rel. Frisco Meeks, Appellant,
v
Kenneth W. Lansing, as Tompkins County Sheriff, Respondent.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


Thomas H. Kheel, Ithaca, for appellant.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Keene, J.), entered January 4, 2019 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.
In 2008, petitioner was convicted in Tompkins County of robbery in the second degree and sentenced to a prison term of 3½ years to be followed by 2½ years of postrelease supervision (hereinafter PRS). While incarcerated, petitioner was convicted in Chenango County of attempted assault in the second degree and sentenced to a concurrent prison term of 1 to 3 years. He was released to parole supervision on PRS in October 2012 and, thereafter, charged with violating the conditions of parole based upon, among other things, a positive drug test in December 2012. A declaration of delinquency was issued as of that date and he was deemed to be an absconder. Petitioner remained at large until he was arrested in South Carolina on March 13, 2013 and taken into custody in a local jail based upon criminal charges in that state. A New York Department of Corrections and Community Supervision (hereinafter DOCCS) parole warrant was thereafter lodged against him in South Carolina as a detainer. Petitioner was convicted and sentenced to a 10-year prison term in South Carolina, he completed that sentence on October 1, 2018, and he was released and extradited to New York on the parole warrant and placed in respondent's custody.
Following a parole violation hearing, petitioner was found to have violated the terms of his release on PRS and ordered to be held for the remainder of his undischarged PRS term. While in the Tomkins County jail awaiting transfer to DOCCS's custody, petitioner commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus. He contended that he was entitled to credit against his New York sentences for time served in jail in South Carolina and that, with such credit, he reached his maximum expiration date for his New York sentences in 2014 while incarcerated in South Carolina and was no longer subject to DOCCS's authority at the time of his release from a South Carolina prison in October 2018. DOCCS served an answer opposing petitioner's release and the claimed credit.[FN1] Following a hearing, Supreme Court dismissed the petition, finding that petitioner was not entitled to the credit requested or to immediate release. Petitioner was thereafter transferred to DOCCS's custody and his maximum release date was calculated. Petitioner appeals.
We affirm. "Entitlement to immediate release from prison, which does not occur until the expiration of an inmate's sentence, is a prerequisite for habeas corpus relief" (People ex rel. Justice v Racette, 111 AD3d 1041, 1042 [2013] [internal quotation marks and citation omitted], lv denied 22 NY3d 861 [2014]; see People ex rel. D'Amico v Lilley, 153 AD3d 1493, 1494-1495 [2017]). Contrary to petitioner's contention, he was not entitled to credit against his New York sentences for time served in jail in South Carolina. By operation of law, the declaration of delinquency interrupted petitioner's PRS term with time remaining, and such interruption continued until his return to an institution under the jurisdiction of DOCCS in October 2018 (see Penal Law §§ 70.40 [3] [b]; 70.45 [5] [d] [i], [iv]; People ex rel. Allen v Yelich, 159 AD3d 1202, 1203 [2018], affd 32 NY3d 1144 [2018]; Matter of Smith v Annucci, 146 AD3d 1266, 1267 [2017]; Matter of Brown v Annucci, 60 AD3d 1223, 1225 [2009]). On these facts, any credit for time spent in custody after the declaration of delinquency but prior to his return to DOCCS's custody is governed by Penal Law § 70.40 (3) (c) and § 70.45 (5) (d) (iv). The time that petitioner spent in custody in South Carolina was not "solely pursuant to such delinquency" declaration in New York (Penal Law § 70.45 [5] [d] [iv]), and he was not in South Carolina custody "due to an arrest or surrender based upon the delinquency" (Penal Law § 70.40 [3] [c] [i]); thus, he is not entitled to the requested credit on that basis. Given that the South Carolina charges did not result in "a dismissal or an acquittal," the credit provision in Penal Law § 70.40 (3) (c) (ii) is inapplicable. Rather, the time that petitioner spent in custody upon his arrest on charges in South Carolina, which "culminated in a conviction" in that state and for which "a sentence of imprisonment was imposed" in that state, would only entitle him to credit against his New York sentences for "the portion of the time spent in custody [in South Carolina] that exceeds the period, term or maximum term of imprisonment imposed for such conviction" (Penal Law § 70.40 [3] [c] [iii] [emphasis added]). As petitioner did not spend any time in custody in South Carolina in excess of the 10-year sentence imposed upon his conviction in that state, he is not entitled to any credit against his New York sentences for time in custody in that state (see People ex rel. Allen v Yelich, 159 AD3d at 1203-1204).[FN2] Petitioner's remaining claims similarly do not entitle him to immediate release.
Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although DOCCS has not been named within the petition, the Attorney General appeared and answered and noted that, despite the improper caption, DOCCS is properly regarded as a respondent. We agree and accept the proceeding, despite this error.

Footnote 2: Petitioner received full credit against his South Carolina sentence for all of the time he spent in custody on those charges in that state. Thus, his claim that he is also entitled to credit against his New York sentences for time spent in South Carolina on charges in that state amounts to a request for double credit for the same time (see Matter of Blake v Travis, 35 AD3d 925, 926 [2006]).